CLD-253                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2189
_____

KRISHNA MOTE,
                    Appellant

v.

UNITED STATES DISTSRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00720)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2021

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Krishna Mote appeals from the District Court's order denying his petition for writ of mandamus. In 2007, Mote filed a lawsuit in the District Court raising claims under 42 U.S.C. § 1983 along with state law claims. The District Court dismissed the § 1983 claims under the fugitive-disentitlement doctrine and declined to exercise supplemental jurisdiction over the state law claims. See Mote v. Murtin, No. 07-cv-01571, 2008 WL 2761896 (M.D. Pa. July 11, 2008). Mote appealed, but we dismissed his appeal as untimely in C.A. No. 08-3447. In 2017, Mote returned to the District Court and filed a motion to reopen his case under Rule 60(b) of the Federal Rules of Civil Procedure, but the District Court denied the motion.

In April 2021, Mote sought relief from the District Court by filing a mandamus petition.[1] He asserted that the District Court erred in dismissing his 2007 case under the fugitive-disentitlement doctrine, and he sought reinstatement of his civil rights claims. Adopting the report and recommendation of the assigned Magistrate Judge, the District Court denied Mote's petition as an improper use of mandamus. This appeal followed, and we have appellate jurisdiction under 28 U.S.C. § 1291. The Appellee has filed a motion for summary affirmance.

---

[1] Meanwhile, in 2020, Mote filed another lawsuit to raise the same claims. The District Court dismissed the case, and we affirmed on the basis that Mote's claims were barred by the statute of limitations. See Mote v. Murtin, 816 F. App'x 635, 637 (3d Cir. 2020). The Supreme Court denied Mote's certiorari petition. See Mote v. Murtin, 141 S. Ct. 1099 (2021).

2

A district court has jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A party seeking a writ of mandamus must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). We agree with the District Court's determination that mandamus is not appropriate here. Mote cannot claim any absence of other means of contesting the District Court's dismissal of his 2007 case where he already had an adequate opportunity to pursue an ordinary appeal. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). That Mote was unsuccessful in his appeal does not alter our analysis.

We conclude that the District Court correctly denied Mote's mandamus petition. Because the appeal presents no substantial question, we grant the Appellee's motion and will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.